**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

DAVINDER SINGH,

Petitioner,

v.

WARDEN, Facility Administrator of Imperial Regional Adult Detention Facility; SERGIO ALBARRAN, Acting Field Office Director of the San Francisco Immigration and Customs Enforcement Office; TODD LYONS, Acting Director of United States Immigration and Customs Enforcement; MARKWAYNE MULLIN, Secretary of the United States Department of Homeland Security; TODD BLANCHE, Attorney General of the United States, acting in their official capacities,

Respondents.

Case No.: 26cv02622 DMS (SBC)

**ORDER GRANTING PETITION**

Before the Court is Petitioner's Petition for Writ of Habeas Corpus. (Pet., ECF No. 1.) Respondents filed a return, (Return, ECF No. 6), and Petitioner filed a reply, (ECF No. 7). For the following reasons, the Court grants the Petition.

## I. BACKGROUND

Petitioner Davinder Singh fled India to the United States in March 2024 to escape political and religious persecution. (Pet. at 13.) Upon entry, he was apprehended by U.S. Customs and Border Protection near San Ysidro. (*Id.*) Petitioner was released from custody five days later with post-detention instructions from ICE. (*Id.*) Petitioner complied with all ICE instructions, never intentionally missing any scheduled ICE appointments or attempting to evade supervision. (*Id.*) Petitioner also complied with his immigration court obligations, timely filing a Form I-589 asylum application and appearing for all required hearings. (*Id.*)

In July 2025, Petitioner attended his hearing at the Santa Ana Immigration Court. (*Id.*) There, the immigration judge ordered the dismissal of Petitioner's removal proceedings. (*Id.*) Then, after Petitioner exited the courtroom, ICE officers arrested him in the hallway without notice or explanation. (*Id.*) Following his arrest, Petitioner was transported to the California City Correctional Center, where he was detained until November 2025. (*Id.* at 15.) Petitioner was then transferred to the Imperial Regional Adult Detention Facility, where he remains detained. (*Id.*)

In April 2026, Petitioner filed the present Petition for Writ of Habeas Corpus. The Complaint alleges Respondents violated Petitioners Fifth Amendment right to due process. Petitioner requests, among other relief, that the Court issue a writ of habeas corpus requiring Respondents to release Petitioner and issue an injunction preventing Respondents from re-detaining Petitioner "unless his re-detention is ordered at a custody hearing before a neutral arbiter." (*Id.* at 19.)

## II. LEGAL STANDARD

Under the Constitution, the writ of habeas corpus is available to "every individual detained within the United States" to demand judicial review of unlawful detention, including non-citizens. *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004); *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). "[T]he traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A court may grant a writ

of habeas corpus to a petitioner who shows their custody violates constitutional or federal law. 28 U.S.C. § 2241(c)(3).

## III. DISCUSSION

Petitioner argues his detention is "an unlawful deprivation of liberty inconsistent with the Fifth Amendment." (Pet. at 15.) Respondent claims "Petitioner is subject to mandatory detention under § 1225(b)(2)," but "acknowledges that this Court's prior decisions will control the result here if the Court adheres to its prior decisions, as the facts are not materially distinguishable." (Return, ECF No. 6 at 3.) Thus, Respondent "does not oppose the petition." (*Id.*) The Court finds that Petitioner's current detention violates the Fifth Amendment's Due Process Clause and therefore grants the petition.

The Fifth Amendment guarantees that "[n]o person shall be . . . deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V. "[I]t is well established that the Fifth Amendment entitles aliens to due process of law in deportation proceedings." *Reno v. Flores*, 507 U.S. 292, 306 (1993). "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the Due Process Clause] protects." *Zadvydas* 533 U.S. at 690.

When determining whether Petitioner's procedural due process rights have been violated, the Court must consider: "[f]irst, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

First, Petitioner "invokes the most significant liberty interest there is—the interest in being free from imprisonment." *Munoz Materano v. Arteta*, 804 F. Supp. 3d 395, 416 (S.D.N.Y. 2025) (citation modified) (citation omitted). Here, Petitioner was on supervised release when he was re-detained. He undeniably had a liberty interest. *See Noori v. LaRose*, 807 F. Supp. 3d 1146, 1164 (S.D. Cal. 2025) (finding the petitioner "has a private interest

in remaining free, which developed over the year he resided in the United States"). Therefore, this factor weighs in Petitioner's favor.

Next, there is a high risk of erroneous deprivation of this liberty interest when noncitizens are re-detained without a hearing. *See, e.g.*, *Pablo Sequen v. Albarran*, 806 F. Supp. 3d 1069, 1089 (N.D. Cal. 2025) (citing cases). Here, Petitioner fully complied with ICE's post-detention instructions and his immigration court obligations following his first detention. In fact, he was re-detained while attending an immigration hearing. He was re-detained without notice, without an individualized custody determination, without any process. He remains detained, still having received no process. Accordingly, the second factor—the risk of an erroneous deprivation of such interest through the procedures used—unquestionably weighs in favor of Petitioner.

On the third factor, "[t]he government may have a 'strong interest' in detaining noncitizens during the pendency of removal proceedings as needed to protect the public from dangerous criminal aliens, or to prevent flight and thereby increase the chance that the aliens will be successfully removed." *Pablo Sequen*, 806 F. Supp. 3d at 1090 (citation modified) (quoting *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1208 (9th Cir. 2022)). However, when the Government previously decided to release a noncitizen and there is no evidence of any changed circumstance that might have caused the Government to reconsider that decision, its interest in re-detention is low. *Doe v. Chestnut*, No. 25-cv-01372, 2025 WL 3295154, at *10 (E.D. Cal. Nov. 26, 2025) (citations omitted). Here, no such evidence exists. Petitioner was compliant and law-abiding. "While the government has an interest in enforcing immigration laws . . . it must pursue that interest 'in a manner consistent with the Constitution.'" *Munoz Materano*, 804 F. Supp. 3d at 420 (citation omitted). This factor also weighs in Petitioner's favor. Thus, applying the *Mathews* balancing test, the Court finds that Petitioner's detention violates his Fifth Amendment due process rights.

Accordingly, the Petition is **GRANTED**. The Court **ORDERS** Petitioner's immediate release.

## IV. CONCLUSION AND ORDER

Based on the foregoing, the Court **GRANTS** the Petition. Respondents shall release Petitioner within **24 hours**, and shall not re-detain Petitioner without first providing a pre-deprivation hearing before a neutral decisionmaker at which Respondents must prove that changed circumstances related to flight risk or danger warrant Petitioner's re-detention. Respondents are further **ORDERED** to file a Status Report within **seven (7) days** of the entry of this Order, confirming Petitioner has been released.

**IT IS SO ORDERED.**

Dated: July 20, 2026

Hon. Dana M. Sabraw
United States District Judge